UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                          Case No. 6:20-cv-2269-Orl-28DCI

APPROXIMATELY $5,698,846.38
SEIZED FROM BANK OF AMERICA
ACCOUNT NUMBER 898116276448
HELD IN THE NAME OF
CHURCH OF FLORIDA, INC.,

APPROXIMATELY $1,850,165.00
SEIZED FROM BANK OF AMERICA
ACCOUNT NUMBER 898107273900
HELD IN THE NAME OF
CHURCH OF FLORIDA, INC.,

APPROXIMATELY $868,250.00
SEIZED FROM FIRST AMERICAN
TRUST FSB ACCOUNT NUMBER
3126180000 HELD IN THE NAME OF
FIRST AMERICAN TITLE INSURANCE
Company,

      Defendants.

**UNITED STATES' MOTION FOR CLERK'S ENTRY OF DEFAULT**

The United States moves, pursuant to Fed. R. Civ. P. 55(a) and Middle District of Florida Local Rules 1.10(b), for entry of a Clerk's Default against Joy Edwards, Mary Jo Edwards, Joshua Edwards, Dr. Evan Edwards, Aslan International Ministry, Inc. (ASLAN), and Church of Florida, Inc., who were

1

provided with notice of this forfeiture action and failed to file a claim or timely file a Statement of Right or Interest, Answer, or to otherwise defend against this civil forfeiture action involving the Defendant Funds.

In support of this motion, the United States submits the following incorporated memorandum of law.

## MEMORANDUM OF LAW

### I. Background

1.  On December 15, 2020, the United States filed a Verified Complaint for Forfeiture *in Rem* seeking forfeiture of the Defendant Funds because the Defendant Funds are proceeds obtained from bank fraud offenses, and because they were involved in money laundering transactions.   Doc. 1.

### II. Potential Interest in the Assets Sought for Forfeiture

#### A. Known Parties with a Potential Interest in the Defendant Funds

2.  The only persons or entities known to have any potential alleged interest in the Defendant Funds are Joy Edwards, Mary Jo Edwards, Joshua Edwards, Dr. Evan Edwards, and Aslan International Ministry, Inc.[1]

---

[1] The United States did not send notice to the Church of Florida, Inc. directly because it believes that it is a sham corporation.   Indeed, according to the Florida Division of Corporations' website (last visited February 11, 2021), it was incorporated on June 17, 2020, one month after ASLAN received the fraudulently obtained PPP funds, Doc. 1 at ¶33, and just six days before the Church of Florida, Inc.'s Bank of America accounts (that received the Defendant Funds) were opened. *Id*. at ¶¶ 40 & 42.   Additionally, because ASLAN was the entity that applied for and

3.  On December 22, 2020, in accordance with Rule G(4)(B), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, the United States served Joy Edwards,[2] Mary Jo Edwards,[3] Joshua Edwards,[4] Dr. Evan Edwards,[5] and ASLAN with a Notice of Complaint for Forfeiture, a copy of the Verified Complaint for Forfeiture *in Rem*; Track Two Notice, Order on Interested Persons and Corporate Disclosure Statement, Standing Order on Discovery Motions, Warrant of Arrest *in* Rem, a copy of the Acknowledgment of Receipt of Notice of Complaint for Forfeiture *in Rem*, and

---

obtained the PPP loan, there would be no legal reason for the Church of Florida Inc. to be in possession of those funds. Regardless, and as will be explained below, the President and registered agent (Joy Edwards) and Vice President (Mary Jane Edwards) of Church of Florida, Inc. received notice of these proceedings, as did the sole signatory on the accounts (Joy Edwards).

[2]  Joy Edwards holds signatory authority on the two Bank of America accounts sought for forfeiture. *See* Doc. 1 at ¶¶ 40 & 42. She is also the Secretary and a Director of ASLAN, the company that submitted the fraudulent PPP loan. *Id*. at ¶¶ 14-16.

[3]  The funds seized were a down payment for a $3,713,000 property that Mary Jane Edwards was to purchase. *Id*. at ¶45.

[4]  The fraudulent PPP loan submitted on behalf of ASLAN was signed by Joshua Edwards, and the funds obtained from the loan were deposited into accounts in which he held signature authority. Doc. 1 at ¶¶14, 23, 33, & 36. He is also the Vice President, a Director, and the registered agent of ASLAN. *Id*. at ¶¶ 15-16.

[5]  The funds obtained from the fraudulent PPP loan were deposited into accounts in which Dr. Evan Edwards held signature authority. Doc 1 at ¶¶ 33 & 36. He is also the President and Chairman of ASLAN. *Id*. at ¶¶ 15-16.

a self-addressed, stamped envelope ("Notice Package"), by certified and regular mail, via their counsel, Jim Burnham, Esq. *See* Exhibit A at ¶¶3 & 4, Declaration of Asset Forfeiture Paralegal Specialist, Beverly Williams, and Composite Exhibit B.

4. The Notice Packages sent via certified mail on December 22, 2020 were signed for by Mr. Burnham's office on January 11, 2021. *See* Exhibit A at ¶3 and Composite Exhibit C. The Notice Packages sent by regular mail to Mr. Burnham's office on December 22, 2020 were <u>not</u> returned as undeliverable.[6] *See* Exhibit A at ¶3.

5. The "Notice of Complaint for Forfeiture" that was included in the Notice Packages advised the members of the Edwards Family and ASLAN that, in order to contest the Verified Complaint, they were required to file a Statement of Right or Interest within 35 days of the Notice date – here, on or before January 26, 2021 — and file an Answer within 21 days after filing the Statement of Right or Interest. *Id*. at ¶5 and Composite Exhibit B. The Notice of Complaint for Forfeiture further instructed the parties to file the Statement of Right or Interest and Answer with the Office of the Clerk, United States District Court, Orlando Division, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120. *Id*. Finally, the

---

[6] Pursuant to Rule G(5)(a)(ii)(A), claims to contest the forfeiture of property must be filed by the time stated in a direct notice sent under Rule G(4)(b). Rule G(4)(b)(ii)(B) states that such deadline should be at least 35 days after the notice *is sent*, which, in this case, was January 26, 2021.

Notice of Complaint for Forfeiture advised that the "[f]ailure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint.  You may wish to seek legal advice to protect your interests."  *Id.*

6. Despite notice, the members of the Edwards Family, ASLAN and Church of Florida, Inc. have failed to timely file a claim to the Defendant Funds and the time for filing a claim has now expired.  Exhibit A at ¶7.

**B. Unknown Parties with a Potential Interest in the Defendant Funds**

7. The United States also published notice of the above-referenced civil forfeiture actin on its official website, www.forfeiture.gov, for a period of 30 consecutive days, from December 17, 2020, through and including January 15, 2021, as required by Rule G(4)(a)(i) & (iv)(C)(3), and as evidenced by the Declaration of Publication filed with the Court on January 19, 2021. Doc. 13.

**III.   Applicable Law**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom judgment is sought has failed to plead or otherwise defend against an action, and that failure is demonstrated, the Clerk must enter the party's default. Fed. R. Civ. P. 55(a).

In forfeiture actions, the United States is only required to send notice to known potential claimants by "means reasonably calculated to reach the potential claimant."  Rule G(4)(b)(iii)(A); *see also Mullane v. Central Hanover Bank & Trust Co.*,

339 U.S. 306, 314 (1950) (to satisfy due process notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Notice of forfeiture proceedings may be sent to the potential claimant or an attorney that represents the potential claimant: 1) with respect to the seizure of the property; 2) in a related investigation; 3) in an administrative forfeiture proceeding; or 4) in a criminal case. Rule G(4)(b)(iii)(B). "Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ the best or most reliable means of ensuring notice." *United States v. Davenport*, 668 F.3d 1316, 1320, 1323 (11th Cir. 2012).

Based upon the facts of this case, it appears that Joy Edwards, Mary Jo Edwards, Joshua Edwards, and Dr. Evan Edwards (collectively, "the Edwards family") fled upon learning of the United States Secret Service's investigation. *See* Complaint at ¶¶46-49. In fact, their home appears to have been cleared out. *Id*. at ¶46. Accordingly, the United States did not have a way to provide notice of these proceedings to the members of the Edwards family themselves, so the United States sent notice to Jim Burnham, Esq., who represented the members of the Edwards family with respect to the USSS' criminal investigation.[7] The notices sent to the

---

[7] Mr. Burnham represented to the United States Attorney's Office that he represented the members of the Edwards family with respect to (two) search warrants obtained by the United States Secret Service to search the Edwards' home and electronics and any criminal investigation related to the USSS' investigation into the

Edwards family, and to ASLAN,[8] through Mr. Burnham were received. Consequently, the United States maintains that proper notice was provided to the Edwards family and ASLAN. Additionally, the United States also maintains that proper notice was also sent to the Church of Florida, Inc. because notices were sent to the President, Vice President, and registered agent of the Church of Florida, Inc., and to the signatory on its bank accounts.

Despite notice, no member of the Edwards family, ASLAN, or the Church of Florida, Inc. filed a claim to the Defendant Funds and the time for filing claims has now expired. For the reasons above, pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.10(b), the Clerk may enter a default against all members of the Edwards Family, ASLAN, and the Church of Florida, Inc.

WHEREFORE, the United States respectfully requests, pursuant to Federal Rule of Civil Procedure 55(a), that the Clerk enter a default against

---

Edwards family. *See* Exhibit D, Declaration of Assistant United States Attorney Jennifer M. Harrington. Further, Mr. Burnham also arranged for the return of certain items seized from the Edwards' vehicle during the September 17, 2020 traffic stop referenced in the complaint. *Id*.

[8] As stated above, the Edwards family makes up the President, Vice President, Secretary, registered agent, Chairman, and Directors of ASLAN. Because the most reliable way to notify the members of the Edwards family of these proceedings was through Mr. Burnham, the United States also sent ASLAN notice of these proceedings through Mr. Burnham.

the above-referenced parties for failure to plead or otherwise defend this action.

                                            Respectfully submitted,

                                            MARIA CHAPA LOPEZ
                                            United States Attorney

                     By:   s/Nicole M. Andrejko
                           Nicole M. Andrejko
                           Assistant United States Attorney
                           Florida Bar No. 0820601
                           400 West Washington Street, Suite 3100
                           Orlando, Florida   32801
                           Telephone:   (407) 648-7500
                           Facsimile:   (407) 648-7643
                           E-Mail:   Nicole.Andrejko@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

Dr. Joy Edwards
Mary Jo Edwards
Joshua Edwards
Dr. Evan Edwards
Aslan International Ministry, Inc.
c/o Jim Burnham,   Esquire
6116 N. Central Expressway, Ste. 515
Dallas, TX 75206

                                            s/Nicole M. Andrejko
                                            Nicole M. Andrejko
                                            Assistant United States Attorney