# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                                    Case No: 6:20-cv-2269-JA-DCI

**APPROXIMATELY '36;5,698,846.38
SEIZED FROM BANK OF AMERICA,
APPROXIMATELY '36;1,850,165.00
SEIZED FROM BANK OF AMERICA,
APPROXIMATELY '36;868,250.00
SEIZED FROM FIRST AMERICAN
TRUST FSB, MARY JO EDWARDS,
JOSHUA EDWARDS, JOY EDWARDS,
DR. EVAN EDWARDS, ASLAN
INTERNATIONAL MINISTRY, INC
and CHURCH OF FLORIDA, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion for Default Judgment (Doc. 19)
>
> **FILED:** March 3, 2021
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

On December 14, 2020, the government filed a Verified Complaint for Forfeiture In Rem (the Complaint). Doc. 1. In the Complaint, the government alleged that on September 16, 2020, the United States Secret Service seized the following funds (collectively, the Defendant Funds):

      a.      Approximately $5,698,846.38 seized from Bank of America Account Number 898116276448 held in the name of Church of Florida, Inc.;

      b.      Approximately $1,850,165.00 seized from Bank of America Account Number 898107273900 held in the name of Church of Florida, Inc.; and

      c.      Approximately $868,250.00 seized from First American Trust FSB Account Number 3126180000, held in the name of First American Title Insurance Company.

Doc. 1 at 2-4. The seizure was made pursuant to a federal seizure warrant after a finding of probable cause that the funds constituted proceeds of bank fraud offenses (i.e. violations of 18 U.S.C. § 1344) and property involved in money laundering offenses (i.e. violations of 18 U.S.C. §§ 1956 and 1957); the government maintains its position, supported by the factual allegations in the Complaint, that "the Defendant Funds are proceeds of bank fraud offenses and property involved in money laundering offenses." *Id*. at ¶¶ 8-10; *see also* ¶¶ 11-51. The Defendant Funds are currently in the government's possession. *Id*. at ¶ 7. In light of the foregoing, the government seeks forfeiture of the Defendant Funds. *Id*. at 18-19.

      On December 14, 2020, the government filed a Motion for Issuance of Warrant of Arrest *In Rem* (the Motion). Doc. 3. The Court issued a warrant of arrest *in rem* on December 16, 2020. Docs. 4-7. Thereafter, the government complied with Federal Rule of Civil Procedure Supplemental Rule G(4)(a)(i)-(iv) by posting a notice of this civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days. Doc. 19 at 3. The government also complied with Supplemental Rule G(4)(b) by sending notice of this civil forfeiture action to to all known potential claimants—i.e. Joy Edwards, Mary Jane Edwards, Joshua Edwards, Dr. Evan Edwards, Aslan International Ministry, Inc., and Church of Florida, Inc. *Id*. at 3-4. The notice stated that the potential claimants were required to file a verified claim within 35 days after the date of the notice. *Id*. The time for filing a claim passed, but no claim was filed. *Id*. at 4.

On February 16, 2021, the government filed a Motion for Clerk's Entry of Default as to Aslan International Ministry Inc, Dr. Evan Edwards, Joshua Edwards, Joy Edwards, and Mary Jo Edwards, and on February 17, 2021, pursuant to Fed. R. Civ. P. 55(a), the Clerk entered a Default as to those individuals and entities for the Defendant Funds.  Docs. 14-15.  On February 18, 2021, the government filed a Motion for Clerk's Entry of Default as to Church of Florida, Inc., and on February 22, 2021, pursuant to Fed. R. Civ. P. 55(a), the Clerk entered a Default as to that entity for the Defendant Funds.  Docs. 17-18.  On April 25, 2018, the government filed a motion for default judgment.  Doc. 19 (the Motion).

In the Complaint, the government alleged, in sum, that a Paycheck Protection Act (PPP) loan authorized pursuant to the CARES Act "was submitted by Joshua Edwards, on behalf of ASLAN International Ministry, Inc., to First Home Bank, a federally insured institution, in St. Petersburg, FL, using fabricated and/ or fictitious documentation in an attempt to fraudulently obtain funds from the federal government."  Doc. 1 at 5-6.  The Complaint goes on to provide detailed factual allegations concerning the fraudulent scheme and the laundering of the proceeds from that scheme.  *Id*. at 5-18.  For example, the Complaint contains allegations that the Defendant Funds were obtained, in part, by a fraudulent loan application submitted on behalf of Aslan stating that it was an operating entity with 486 employees and an average monthly payroll of $2,764,438.00.  *Id*. at 9.  While Aslan was an actual entity, the application was not submitted by any of its corporate officers or account holders, and subsequent investigation revealed that the assertions and supporting documents submitted in support of the loan application were false.  *Id*. Further, once the funds were obtained fraudulently, financial transactions took place involving those funds, including transactions of portions of the Defendant Funds made for the purpose of purchasing a multi-million residence in Orlando, Florida.  *Id*. at 12-15.

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Thus, to support an entry of default judgment in a civil forfeiture case, a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *See* Fed. R. Civ. P. Supp. Rule G(2)(f); *United States v. $134,972.34 Seized from FNB Bank, Account Number—5351*, 94 F. Supp. 3d 1224, 1229-30 (N.D. Ala. 2015) (explaining that the heightened pleading standard of Supplemental Rule G(2) applies in civil forfeiture cases, not the *Twombly/Iqbal* pleading standard from Rule 8, although the *Twombly/Iqbal* standard may provide guidance in deciding a motion to dismiss a civil asset forfeiture complaint to the extent it does not conflict with Supplemental Rule G(2)).

Upon review of the Motion and the Complaint, the undersigned finds that the facts alleged in the Complaint, some of which are summarized in the Motion and set forth in the foregoing paragraphs, support a reasonable belief that the government will be able to meet its burden of proof at trial and show that the Defendant Funds constitute proceeds or are traceable to proceeds of federal controlled substance offenses, or were furnished or intended to be furnished in exchange for a controlled substance and, thus, are subject to forfeiture under 21 U.S.C. § 881(a)(6). Notice was provided in accordance with Supplemental Rule G(4)(a) and (b), and no claims or answers have been timely filed. Accordingly, it is respectfully recommended that the Court find that the United States is entitled to entry of a default judgment of forfeiture, pursuant to Fed. R. Civ. P. 55(b)(2).

It is respectfully recommended that the Motion (Doc. 19) be **GRANTED**, and the Clerk of Court be **DIRECTED** to enter a default judgment forfeiting to the United States all right, title, and interest in the Defendant Funds and, thereafter, to close the file.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 8, 2021.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy